IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| In Re:<br>　　RUBBER SOUL BREWING CO, LLC,<br>　　　　　　Debtor in Possession<br><br>RUBBER SOUL BREWING CO., LLC,<br>　　　　　　Movant<br><br>v.<br><br>FIRST NATIONAL BANK,<br>　　　　　　Respondents | Chapter 11<br><br>Case No. 1:19-bk-00359-HWV |

## DEBTOR IN POSSESSION'S MOTION FOR APPROVAL OF SALE OF SUBSTANTIALLY ALL ASSETS FREE AND CLEAR OF LIENS AND ENCUMBRANCES

AND NOW, this 24th day of April, 2019, comes the Debtor in Possession, by its counsel, CGA Law Firm, Lawrence V. Young, Esquire, and does file the within Motion averring that:

### PARTIES

1. The Movant is the Debtor in Possession, Rubber Soul Brewing Co., LLC (hereinafter "Debtor"). Debtor is represented by CGA Law Firm, Lawrence V. Young, Esquire, 135 North George Street, York, Pennsylvania 17401.

2. The Respondent is First National Bank of Pennsylvania, 409 North Second Street, Harrisburg, Pennsylvania 17101 (hereinafter "FNB"). FNB is represented by in-house counsel, Donna M. Donaher, Esquire, Senior Vice President and Senior Corporate Counsel, 100 Federal Street, 4th Floor, Pittsburgh, Pennsylvania 15212.

### BACKGROUND

3. The within case was filed as a voluntary petition under Chapter 11 on January 29, 2019.

4. At the time of the filing of the within petition in bankruptcy, the Debtor was the owner of inventory, supplies and finished goods (hereinafter "Assets") which the Debtor scheduled as having an estimated value of $636,554.20.

### JURISDICTION AND VENUE

5. This Motion is filed pursuant to 11 U.S.C. § 363(f)(2) in that the Debtor is seeking to sell its assets free and clear of all liens and encumbrances.

{01622822/1}

6. The issues and matters set forth in this Motion constitute a core proceeding under 28 U.S.C. § 157(b)(2).

7. Jurisdiction in the Bankruptcy Court is appropriate pursuant to 28 U.S.C. § 1334. Venue is appropriate in the United States Bankruptcy Court for the Middle District of Pennsylvania pursuant to 28 U.S.C. § 1409.

## RELIEF SOUGHT

8. All preceding and succeeding paragraphs are incorporated herein by reference.

9. The assets are subject to a lien in favor of First National Bank of Pennsylvania in the approximate amount of $255,000.00.

10. FNB has obtained an appraisal of Debtor's assets and believes the aggregate value of Debtor's assets to be $255,000.00.

11. Debtor has received an offer from Ghost Brewing, LLC, or its assigns (hereinafter "Buyer"), to purchase substantially all of Debtor's assets (hereinafter "the Assets") for the sum of $200,000.00, which is approximately 78% of the appraised value and 78% of of the balance owed to FNB. A copy of the Agreement for Purchase and Sale of Business is attached hereto and incorporated herein by reference as Exhibit "A."

12. It is proposed that the sale of the Assets shall be free and clear of all liens and encumbrances pursuant to 11 U.S.C. § 363(f)(2) in that the lienholder consents, but that the liens and encumbrances shall be paid in the order of their legal entitlement.

13. From the $200,000.00 sale price, the amount of $20,000.00 will be carved out and held in escrow by Debtor's Counsel for the purpose of creating a pool from which to pay approved administrative expenses, with any remaining balance of the carve-out to be held for the benefit of general, unsecured creditors. It is proposed that the amount of $180,000.00 will be paid to FNB.

14. Based upon all of the foregoing, the Debtor requests that the proposed sale be free and clear of all liens and encumbrances that otherwise would attach to the assets being sold. After payment of administrative expenses enumerated in the paragraphs above, any liens and encumbrances shall be paid from the sale proceeds in the order of their priority. Any liens or encumbrances not paid from the sale proceeds shall not attach to the assets, but shall create a deficiency claim for the unpaid amount.

{01622822/1}

15. Debtor requests that a specific finding be made that Buyer is a "good faith" purchaser as that phrase is used in 11 U.S.C. § 363(m).

WHEREFORE, after Notice and the opportunity for a hearing, the Debtor requests this Honorable Court to enter the attached Order approving the sale of substantially of all of Debtor's assets pursuant to the terms and conditions noted herein.

Respectfully submitted,

CGA Law Firm

/s/Lawrence V. Young, Esquire
Lawrence V. Young, Esquire
135 North George Street
York, PA 17401
(717) 848-4900
Counsel for Debtor in Possession

{01622822/1}